UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
OSTAP KAPELIOUJNYI,

               Petitioner,

                                        MEMORANDUM & ORDER
    -against-                           09-CV-1979 (JS)

UNITED STATES MARSHAL SERVICE FOR THE
EASTERN DISTRICT OF NEW YORK,

               Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:   Ostap Kapelioujnyi, Pro Se
                 # 74030-053
                 Cibola County Correctional Center
                 P.O. Box 3540
                 Milan, NM 87021

For Respondent:   No Appearances

SEYBERT, District Judge:

        Petitioner Ostap Kapelioujnyi, who is currently incarcerated at Cibola County Correctional Center, Milan, New Mexico, filed this pro se action styled as a mandamus petition as well as an application to proceed in forma pauperis. Upon review of the affidavit accompanying Petitioner's petition, the Court GRANTS Petitioner's request to proceed in forma pauperis, but dismisses the Petition.

        In his Petition, Kapelioujnyi contends that in November 2008, he served Respondent via first class U.S. Mail with an administrative claim under the Federal Tort Claim Act ("FTCA"), but Respondent did not acknowledge receipt of his letter. (Pet. 2.) In March 2009, Petitioner again served Respondent via certified mail with a request to advise him on the status of his claim and an

executed Standard Form 95 with Petitioner's original signature. Petitioner also requested that if Respondent did not receive the original filing from November 10, 2008, Respondent should designate the Standard 95 form as the original claim. Petitioner alleges that he has received no response from Respondent, and that "the Federal agency has an obligation to notify the claimant upon receipt of the claim (28 C.F.R. § 14.2(b)) as such notification renders the claim 'presented.'" (Id. 3.) Accordingly, Petitioner asks the Court to compel the United States Marshal Service for the Eastern District of New York to notify Petitioner by mail or otherwise acknowledge receipt of Petitioner's November 10, 2008, certified letter regarding Petitioner's administrative claim under the FTCA.

Under 28 U.S.C. § 2675(a), a suit cannot be brought under the FTCA unless the claimant first presents the claim to the relevant agency and obtains a final denial. A claim is not deemed "presented" unless the claimant gives the agency "sufficient information both to permit an investigation and to estimate the claim's worth." Barnes v. United States, 204 Fed. Appx. 918, 918 (2d Cir. 2006) (quoting Keene Corp. v. United States, 700 F.2d 836, 842 (2d Cir. 1983)). The information must be "specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." Romulus v. United States, 160 F.3d 131, 132 (2d Cir. 1998) (per curiam).

The Code of Federal Regulations pertaining to when a claim is presented under the Federal Tort Claims Act indicates:

> claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2 (1999). Federal district courts have original jurisdiction over an action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to a plaintiff in a litigation. 28 U.S.C. § 1361. Petitioner has not shown that Respondent has an affirmative obligation to notify Petitioner upon receipt of his certified letter, as no such responsibility is even alluded to in the regulations. Accordingly, Petitioner's motion for *in forma pauperis* status is granted, but his petition for mandamus relief is denied and the Petition is dismissed without prejudice. In the event that Plaintiff chooses to file an Amended Petition, he must do so by September 25, 2009, and must set forth additional authority establishing that Respondents have an affirmative duty to notify him upon receipt of his claim. If Plaintiff chooses not to file an Amended Petition, the Petition will be dismissed with

prejudice, and the case will be closed.

> SO ORDERED
>
> /S/ JOANNA SEYBERT
> _____
> JOANNA SEYBERT, U.S.D.J

Dated:   August 24, 2009
         Central Islip New York